## SHEPARD v WILSON et

Ohio Appeals, 1st Dist, Hamilton Co

No. 5486. Decided November 21, 1938

Oliver G. Bailey, Cincinnati, Charles K. Pulse, Cincinnati, for William C. Shepard, appellee.

Gatch, McLaughlin & Gatch, Cincinnati, for Jones, appellant.

Harry Abrams, Cincinnati, and Louis J. Kull, Cincinnati, for Blanche Lewis Jones, appellant.

## OPINION

By ROSS, PJ.

The question presented to this court involves the construction of §10503-4, ¶8, GC, providing:

"8. If there be no paternal grandparent or no maternal grandparent, then such one-half to the lineal descendants, if any, of such deceased grandparents, per stirpes; if there be no such lineal descendants, then to the surviving grandparent or grandparents or their lineal descendants, per stirpes; if there be no surviving grandparents or their lineal descendants, then to the next of kin of the intestate. There shall be no representation among such next of kin."

The mother of decedent's father married three times, and left lineal descendants from each marriage. The Probate Court held that all of such lineal descendants were entitled to share in the estate of the decedent, whether their ancestor was the first, second, or third husband of the grandmother of decedent.

The appellant, who is a descendant of the first husband claims that the section of the code referred to uses the word "grandparents" instead of "grandparent"— "then such one-half to the lineal descendants, if any, of such deceased grandparents." The earlier form of the section used the word "grandparent". We follow the Probate Court in its conclusion.

Sec. 10213, GC, provides:

"In the interpretation of part third, unless the context shows that another sense was intended, the word 'person' includes a private corporation; 'writing' includes printing; 'oath' includes affirmation; 'of unsound mind' includes every species of mental deficiency or derangement; 'bond' includes an undertaking; 'and' may be read 'or', and 'or' read 'and', if the sense requires it. Words in the present tense include a future tense, and in the masculine gender include the feminine and neuter genders. Words in the plural include the singular, and in the singular include the plural number. This enumeration shall not be construed to require a strict construction of other general words in this part."

The singular or plural have therefore no particular significance, there being nothing in the section to indicate that such was the intention of the legislature.

An examination of the law previous to the present amendment shows that the legislature in a number of cases distinguished between blood of the whole and half blood. The present law is notable by reason of the absence of such distinction.

We, therefore, conclude the Probate Court was correct in tracing descent through the ancestor common to descendants of all three husbands of the mother of the father of decedent.

The judgment is affirmed.

HAMILTON and MATTHEWS, JJ, concur.